*1068 OPINION.
Simfkin:
We are not persuaded by the reasons advanced by the respondent in support of his motion to dismiss the appeal taken for *1069 the year 1919. However, the chain of events leading to the appeal, when examined in the light of the statutory provisions conferring jurisdiction, leads us to conclude with respondent that the Board is without jurisdiction as to that year. The relevant facts will be briefly restated in considering the effect of the several events in the order of their happening.
In November, 1923, respondent received a notice from the petitioner of a change of address to “ % New York Oil Company, Casper, Wyoming:” When mail is directed to be sent in care of another, it is commonly understood that the one so directing has no address known to the postal authorities in a given locality and can be reached only by the use of the known address of another. Also, petitioner’s use of a letterhead of another corporation, and its statement that it was a subsidiary of such other corporation, further indicate the absence of a separate postal identity in petitioner corporation. Respondent neglected to address the 60-day letter of August 6, 1924, as instructed, and the insufficient address resulted in failure of delivery and return of the letter to the respondent. We have held in Walter G. Morgan, 5 B. T. A. 1035, and Utah Orpheum Co., 6 B. T. A. 343, that such a notice addressed to the wrong place is not notice under section 274 (a) of the Revenue Act of 1924. Inasmuch as the purpose of an address is to permit delivery in due course, an insufficient address is quite as faulty as a complete but erroneous one. Accordingly, we are of the opinion that, under the principles enunciated in the cited cases, the letter of August 6, 1924, was not notice to petitioner under the statutory provision which reads:
Sec. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.
The next action of the respondent was the assessment of the deficiency referred to in the above-mentioned 60-day letter. This assessment was made on November 20, 1924. It was not intended to be, and the assessment lists show it was not a jeopardy assessment but was an assessment made pursuant to section 274 (c), which provides:
(c) If the taxpayer does not file an appeal with the Board within the time prescribed in subdivision (a) of this section, the deficiency of which the taxpayer has been notified shall be assessed, and shall be paid upon notice and demand from the collector.
Section 274 (subdivision (a)) provides that assessment shall be made “ only as hereinafter provided.” The same section subsequently provides for assessment (except in cases of jeopardy) only after decision by the Board or upon failure to appeal from a determined *1070 deficiency within 60 days after notice has been mailed to the taxpayer. In view of these provisions, and our finding that statutory notice had not been mailed petitioner, the assessment in November was not made in compliance with the statute.
Respecting the assessment, suffice it to say that the action did not of itself constitute a determination of deficiency from which petitioner could appeal, for no notice thereof, other than the usual notice and demand for payment, was served upon petitioner. See Joseph Garneau Co., 1 B. T. A. 75.
At some time subsequent to the assessment, petitioner filed a claim for abatement which was accepted and considered by respondent. It should be noted at this point that the Eevenue Act of 1924 makes no provision for a claim in abatement from any assessment other than one in jeopardy. On August 27, 1926, respondent addressed a letter to petitioner notifying it of the rejection of the abatement claim. It was from this letter that the petitioner filed the appeal in question in accordance with the statement in the letter to the effect that an appeal was allowable under section 283 of the Eevenue Act of 1926.
It thus appears there was a determination of a deficiency in tax during August, 1924, of which petitioner received no statutory notice. There followed an unauthorized assessment in November of that year. Subsequently, petitioner filed an unauthorized claim of abatement with respect thereto. Later respondent finally decided the amount improperly assessed was the correct deficiency, and notified petitioner the claim for abatement was rejected — and petitioner appeals.
Does such a state of facts come within the purview of the statutory provisions prescribing the class of cases over which the Board is given jurisdiction? The Eevenue Acts of 1924 and 1926 provide for appeal to the Board in two classes of cases, which are distinguished by two designated and essentially different procedural bases. Under sections 274 (a), (b), and (c) of those Acts, appeal may be filed within 60 days after notice of a deficiency determination is mailed. Also, appeal is granted (under sections 274 (d) and 279 of the 1924 Act, and section 279 of the 1926 Act) in event of a jeopardy assessment followed by the rejection of a claim for abatement. Section 283 of the 1926 Act, which is referred to in the letter of August 27, 1926, does not enlarge upon the two prescribed procedural routes leading to appeal to the Board in any way pertinent to the case here presented.
It seems apparent from what has been said, that the facts of record do not present a case within either of the classes over which the Board has jurisdiction. It could not be an appeal from a jeopardy *1071 assessment for there was no such assessment. On the other hand, the letter of August 27, 1926, does not profess to be a notice of deficiency determination under section 274 (a). It is true, in a sense, that the letter does notify petitioner of a determination of a deficiency. But, in form and purport, the letter professes to be a part of the procedure leading to an appeal from a jeopardy assessment, while petitioner now contends that it represents a portion of the procedure essential to ground an appeal from a regular assessment. We do not think such a letter qualifies as “ such notice ” from which a taxpayer may appeal under the last sentence of section 274 (a). To hold otherwise would be to sanction appeals taken at the termination of a hybrid procedure created by the confusing of the two simple distinct types of procedure prescribed by statute as essential to the Board’s jurisdiction. The motion to dismiss the appeal relating to the year 1919 must be granted.
There remains the question whether the deficiency for 1918 is barred by the statute of limitations. The same question was considered on an analagous state of facts and decided adversely to the respondent in Reliance Manufacturing Co., 7 B. T. A. 583. That decision is conclusive of the issue at bar.
Reviewed by the Board.

The petition for the yeatr 1919 is dismissed. Judgment will he entered for the petitioner respecting the yeatr 1918.